**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARK S. HOLDEN and RICHARD ANDISIO, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A.,**<br><br>**Defendants.** | Civ. No. 2:23-cv-2115 (WJM)<br><br>**ORDER** |
| **EDWARD MARSHALL and ANN MARIE MARSHALL, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A.,**<br><br>**Defendants.** | Civ. No. 2:23-2156 (WJM) |
| **ARTHUR CHRISTIANI, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A.,**<br><br>**Defendants.** | Civ. No. 2:23-cv-2158 (WJM) |

| | |
|---|---|
| JOHNIELLE DWYER, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>GUARDIAN ANALYTICS, INC. and ACTIMIZE INC.,<br><br>   Defendants. | Civ. No. 2:23-cv-2320 (WJM) |
| PAWEL KRZYKOWSKI, MARIOLA KRZYNOWEK, and JAMES HOWE, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A.,<br><br>   Defendants. | Civ. No. 2:23-cv-2322 (WJM) |
| CINDY A. PEREIRA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>GUARDIAN ANALYTICS, INC., ACTIMIZE INC., and WEBSTER BANK, N.A.,<br><br>   Defendants. | Civ. No. 2:23-cv-2431 (WJM) |

**WILLIAM J. MARTINI, U.S.D.J.:**

  THIS MATTER comes before the Court upon the motion of Plaintiffs Mark S. Holder, Richard Andisio, Edward Marshall, Ann Marie Marshall, Arthur Christiani,

Johnielle Dwyer, Pawel Krzykowski, Mariola Krzynowek, James Howe, and Cindy A. Pereira ("Plaintiffs") to Consolidate and Appoint Interim Co-Lead Counsel. ECF No. 16. Plaintiffs seek consolidation of *Holden et al. v. Guardian Analytics, Inc., et al.,* (23-2155) with five other related cases pending before this Court: *Marshall, et al. v. Guardian Analytics, Inc., et al.* (23-2156), *Christiani v. Guardian Analytics, Inc., et al.,* (23-2158), *Dwyer v. Guardian Analytics, Inc., et al.,* (23-2320), *Krzykowski, et al. v. Guardian Analytics, Inc., et al.,* (23-2322), and *Pereira v. Guardian Analytics, Inc., et al.,* (23-2431) ("Related Actions"). Plaintiffs further request the appointment of Ben Barnow of Barnow and Associates, P.C. (counsel in *Holden*) and Charles E. Schaffer of Levin Sedran & Berman (counsel in *Marshall*) as interim lead co-counsel. None of the Defendants in this action or any of the Related Actions have filed any objection to the request to consolidate and to appoint interim lead co-counsel; and

**THE COURT NOTING THAT** "[i]f the actions before the court involve a common question of law of fact, the court may ... consolidate the actions ...." Fed. R. Civ. P. Rule 42(a). The district court has "broad power" to consolidate such cases as may facilitate the administration of justice. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). Here, Plaintiffs seek, unopposed, the consolidation of six related cases which stem from the same alleged data breach and share common questions of fact and law. Thus, consolidation would serve the administration of justice and promote judicial efficiency; and

**THE COURT FURTHER NOTING THAT** Fed. R. Civ. P. Rule 23(g)(3)

provides that the "court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation* (4th) § 21.11. In choosing interim counsel, courts consider: (i) the work counsel has done to identify and investigate potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to represent the class. *See* Fed. R. Civ. P. Rule 23(g)(1)(A). Ben Barnow and Charles E. Schaffer meet the required factors set out in Rule 23(g)(1)(A), and for good cause shown,

**IT IS** on this 25th day of July 2023, **ORDERED** as follows:

1. Plaintiffs' motion to consolidate, ECF No. 16, is **GRANTED**.

2. *Marshall, et al. v. Guardian Analytics, Inc., et al.* (23-2156), *Christiani v. Guardian Analytics, Inc., et al.,* (23-2158), *Dwyer v. Guardian Analytics, Inc., et al.,* (23-2320), *Krzykowski, et al. v. Guardian Analytics, Inc., et al.,* (23-2322), and *Pereira v. Guardian Analytics, Inc., et al.,* (23-2431) are **CONSOLIDATED** under the lead first-filed case, *Holden et al. v. Guardian Analytics, Inc., et al.* 23-2115, for all purposes pursuant to Fed. R. Civ. P. 42(a). All papers filed in the consolidated action shall be filed under case no. 23-2115; and

3. Plaintiffs shall file a Consolidated Complaint no later than 30 days following entry of this Order.

4. Plaintiffs' request for appointment of interim co-lead counsel is **GRANTED**; and

5. The Court appoints Ben Barnow of Barnow and Associates, P.C. and Charles E. Schaffer of Levin Sedran & Berman, LLC as interim co-lead counsel to lead the

consolidated action and to assure the orderly prosecution of the consolidated cases, with the responsibilities set forth below:

a. finalizing and filing all pleadings, briefs, motions, and other papers on behalf of Plaintiffs and the putative class;

b. initiating, coordinating, and conducting all pretrial discovery for the benefit of Plaintiffs and the putative class, including causing the issuance of interrogatories, document requests, requests for admission, subpoenas, and examining witnesses at depositions;

c. conducting all settlement negotiations on behalf of Plaintiffs and the putative class;

d. acting as the spokespersons for Plaintiffs and the putative class at pretrial proceedings in response to the Court's inquiries, subject to any right of individual Plaintiffs' counsel to present non-repetitive, individual or different positions as directed by the Court;

e. conducting trial and post-trial proceedings;

f. conducting all appeals;

g. consulting with and employing consultants and experts as they may deem appropriate;

h. negotiating and entering into stipulations with Defendants regarding the litigation;

i. monitoring the activities of plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and money are avoided;

j. coordinating and communicating with Defendants' counsel with respect to the matters addressed in this paragraph; and

k. performing such functions as may be expressly authorized by further orders of the Court.

_____
WILLIAM J. MARTINI, U.S.D.J.

5